## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

RAKEEM WINN,                                        )
                                                    )
          Plaintiff,                        )
                                                    )
          v.                                )      Case No. 20-CV-05246
                                                    )
CITY OF CHICAGO, CHICAGO POLICE                     )
DEPARTMENT, CPD LIEUTENANT THOMAS                   )
KEANE, and CPD DETECTIVE JOHN RICHTER,              )
in their individual capacities,                     )
                                                    )
          Defendants.                       )

## COMPLAINT

    Plaintiff, RAKEEM WINN, by his undersigned attorneys, complains of

Defendants, CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, CPD

LIEUTENANT THOMAS KEANE, and CPD DETECTIVE JOHN RICHTER, as follows:

### INTRODUCTION

    1.  Plaintiff RAKEEM WINN ("Mr. Winn") was arrested on March 2, 2019 by officers

of the Chicago Police Department ("CPD") and charged with the following: three counts

of armed robbery pursuant to 720 ILCS 5/18-2(a)(2); and four counts of aggravated

unlawful use of a weapon pursuant to 720 ILCS 5/24-1.6(a). et seq. The criminal case

against Mr. Winn is titled *People of Illinois v. Rakeem Winn*, Case No. 2019 CR 0336401

(Cook County, Illinois).

    2.  The charges against Mr. Winn in the criminal case arose from an incident that

occurred on or about January 22, 2019 in Chicago, Illinois at the Macy's department store

("Macy's") located at 111 N. State Street, Chicago, Illinois at approximately 6:35 p.m.

CPD officers were called to Macy's to investigate an incident in which an unknown

offender was confronted by Macy's employees as he attempted to steal clothing from the

store. During the confrontation, the offender stated that he had a gun. According to Macy's

employee Raceen Taylor ("Taylor"), a brief struggle ensued, in which the offender was

disarmed and fled from the scene. The offender's actions inside the store and the aforementioned confrontation were recorded by Macy's surveillance cameras.

3. On January 30, 2019, CPD Detective John Richter ("Det. Richter") contacted Macy's and requested still photos of the offender. On February 6, 2019, Macy's employee Tiffany Duncan e-mailed Det. Richter a screenshot image of the offender. A copy of the e-mail exchange and attached photograph of the offender is attached hereto and incorporated herein as "Exhibit 1."

4. On February 7, 2019, CPD created an Information Bulletin regarding the Macy's incident and circulated it amongst its officers and employees. A copy of the Information Bulletin is attached hereto and incorporated herein as "Exhibit 2."

5. On February 21, 2019, CPD Lieutenant Thomas Keane ("Lt. Keane") e-mailed Det. Richter and other CPD officers. Lt. Keane purportedly identified the Mr. Winn as the subject offender based upon a black-and-white CPD Officer Safety Alert. The e-mail from Lt. Keane to Det. Richter states the following:

\*\*\*

Hi there-

   In knowing that Detective Richter sometimes needs a helping hand, we were able to put this together for him and identify his offender – again! I know it is not EVT related but we thought that this looks like a bad guy and we would give it a go. Please let us know if it pans out and we can go and grab him! You are welcome John [sic]…
\*\*\*

A copy of the e-mail exchange from Lt. Keane to Det. Richter and CPD Officer Safety Alert is attached hereto and incorporated herein as "Exhibit 3."

6. On February 28, 2019, Det. Richter and CPD officer McCarthy ("Ofc. McCarthy") interviewed Taylor at Macy's. During the interview, Taylor informed Det. Richter and Ofc. McCarthy that the offender selected numerous items of clothing from counters and display racks and entered a fitting room. Upon leaving, the offender was "bulked-up" in that he

was wearing the clothes with which he had entered the fitting room. Det. Richter and Ofc. McCarthy then purportedly presented Taylor with a photo array created on February 22, 2019, and Taylor identified Defendant as the offender. A copy of the CPD Photo/Live Lineup Advisory Form is attached hereto and incorporated herein as "Exhibit 4."

7. On that same date, Det. Richter and Ofc. McCarthy also interviewed Macy's employees Dentae Carter ("Carter") and Tim Buchanan ("Buchanan"), both of whom witnessed the January 22, 2019 incident. However, neither Carter nor Buchanan were shown photo arrays and asked to identify the offender.

8. On March 2, 2019, Mr. Winn was arrested at his home by CPD officers assigned to the CPD 18th District. It should be noted that Lt. Keane is assigned to the CPD 18th District.

9. Upon his arrest, Mr. Winn maintained his innocence and agreed to speak with CPD officers. During his interview, Mr. Winn was presented with the same black-and-white still image captured by Macy's surveillance and reviewed by Lt. Keane. While he acknowledged that he bore a slight resemblance to the offender depicted in the black-and-white still image, Mr. Winn adamantly denied that he was the individual who committed this offense.

10. Mr. Winn's bond was set at $50,000-D with electronic home monitoring conditions. On May 18, 2019, Mr. Winn's family gathered the requisite funds to post bond and secure his release from the Cook County Jail. However, Mr. Winn was confined to his home and remained in the custody of the Cook County Sheriff via electronic home monitoring.

11. In July 2019, Mr. Winn's trial counsel received copies of the Macy's video surveillance footage, which made it absolutely and undeniably clear that Mr. Winn was not the offender. Copies of color still frame images from the Macy's video surveillance camera are attached hereto and incorporated herein as "Exhibit 5" and "Exhibit 6."

3

12. During the discovery phase of the criminal case, it became abundantly clear that Mr. Winn was innocent, and on September 6, 2019, the Cook County State's attorney voluntarily dismissed all charges against Mr. Winn.

### Mr. Winn's Damages

13. For a crime that he did not commit, Mr. Winn spent over six months in custody, two months of which he served in jail.

14. During his wrongful incarceration, Mr. Winn was stripped of the various pleasures of basic human experience, from the simplest to the most important, which all free people enjoy as a matter of right. He missed out on the ability to spend time with his family and friends, share holidays, birthdays, funerals, and other life events with loved ones, and the fundamental freedom to live his life as an autonomous human being.

15. As a result of his wrongful incarceration, Mr. Winn must now attempt to rebuild his life, all while the specter of this unnecessary and egregious ordeal still hovers over his head. Mr. Winn has suffered tremendous damages, including physical sickness and injury and emotional damages, all proximately caused by Defendants' misconduct.

16. The underlying criminal case substantially altered Mr. Winn's life to the extent that it has irrevocably changed his ability to work and function as a normal human being. The wrongful arrest and detention of Mr. Winn deprived him of his liberty, caused him to suffer undue shame and embarrassment, and burdened him with legal fees.

17. Mr. Winn's unlawful detention and prosecution were caused by Defendants' egregious wrongdoing of manufacturing and fabricating evidence of his supposed guilt.

### JURISDICTION & VENUE

18. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

19. This Court has Jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C.

§1331 and supplemental jurisdiction of his state-law claims pursuant to U.S.C. §1367.

20. Venue is proper under 28 U.S.C. §1391(b). The Defendants reside in this district and the events and omissions giving rise to the claims asserted herein all occurred within this district.

**PARTIES**

21. Plaintiff Rakeem Winn is a twenty-two year old resident of Chicago, Illinois.

22. At all times relevant hereto, Defendants Lt. Keane and Det. Richter (hereinafter "Defendant Officers") were police officers in the Chicago Police Department. All are sued in their individual capacities and acted under color of law and within the scope of their employment during the investigation at issue.

23. Defendant City of Chicago is a municipal corporation under the law of the State of Illinois, and Defendant CPD is operates as the City's law enforcement agency. The City of Chicago and CPD are liable for all torts committed by the Defendant Officers while employed by the City of Chicago and CPD pursuant to the doctrine of respondeat superior. Defendant City of Chicago is additionally responsible for the official police of the Chicago Police Department. The City of Chicago is or was the employer of each of the Defendant Officers.

**Count I – 42 U.S.C. § 1983 Due Process**

24. Each Paragraph of this Complaint is incorporated as if restated fully herein.

25. As described above, all Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Mr. Winn of his constitutional rights to due process.

26. The Defendants conducted a reckless investigation, deliberately ignoring Mr. Winn's obvious innocence and disregarding evidence that strongly indicated Mr. Winn was innocent. Absent this misconduct, the prosecution of Mr. Winn could not and would not

have been pursued.

27. The Defendants' misconduct also directly resulted in the unjust incarceration and prosecution of Mr. Winn, thereby inflicting injuries upon Mr. Winn, including, but not limited to, emotional distress and pain and suffering.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Mr. Winn's constitutional rights.

29. The misconduct described in this Count was undertaken pursuant to routine practices of the Chicago Police Department to pursue wrongful convictions through reckless and profoundly flawed investigations and failure to properly supervise employees knowing that those employees were acting inappropriately. In this way, the municipal defendants violated Mr. Winn's rights by maintaining policies and practices that were the moving force during the foregoing constitutional violations.

30. These widespread practices, so well-settled as to constitute de fact policy in the Chicago Police Department, were able to exist and thrive because municipal policymakers with authority over the police department exhibited deliberate indifference to these problems, thereby effectively ratifying them.

31. The widespread practices described in the preceding paragraphs were allowed to flourish because the municipal Defendants declined to implement sufficient training and enforce legitimate oversight and punishment.

**Count II – 42 U.S.C. § 1983 Malicious Prosecution**

32. Each Paragraph of this Complaint is incorporated as if restated fully herein.

33. As described previously, the Defendants, individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of their employment, deprived Mr. Winn of his constitutional right to be free from unlawful prosecution and continued detention without probable cause.

6

34. The Defendant Officers made, influenced, and participated in the decision to prosecute Mr. Winn for the alleged crimes, for which prosecution there was no probable cause, and which caused Mr. Winn to suffer deprivation of liberty. Their misconduct was blatant and unmitigated.

35. The Defendants' misconduct directly resulted in the unlawful prosecution and incarceration of Mr. Winn, thereby denying him of his constitutional right to liberty. Thankfully, as previously described, the prosecution was ultimately resolved in Mr. Winn's favor.

36. Because of the violations of his constitutional rights, Mr. Winn suffered injuries, including but not limited to bodily harm and emotional distress.

37. The Defendants' misconduct, as described in this Count, was objectively unreasonable and was undertaken intentionally with malice and willful indifference to Mr. Winn's constitutional rights.

38. The misconduct described in this Count was undertaken pursuant to routine practices of the Chicago Police Department to pursue wrongful convictions through reckless and profoundly flawed investigations and failure to properly supervise employees knowing that those employees were acting inappropriately. In this way, the municipal defendants violated Mr. Winn's rights by maintaining policies and practices that were the moving force during the foregoing constitutional violations.

39. These widespread practices, so well-settled as to constitute de fact policy in the Chicago Police Department, were able to exist and thrive because municipal policymakers with authority over the police department exhibited deliberate indifference to these problems, thereby effectively ratifying them.

40. The widespread practices described in the preceding paragraphs were allowed to flourish because the municipal Defendants declined to implement sufficient training and

enforce legitimate oversight and punishment.

### State Law Claims
### Count III – Respondeat Superior

41. Each Paragraph of this Complaint is incorporated as if restated fully herein.

42. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

43. Defendant City of Chicago is liable as principal for all state law torts committed by its agents.

### Count IV – Intentional Infliction of Emotional Distress

44. Each Paragraph of this Complaint is incorporated as if restated fully herein.

45. Defendants intentionally and recklessly, directly and proximately caused Mr. Winn to be falsely arrested and maliciously prosecuted and wrongfully incarcerated in breach of duties owed to Mr. Winn to refrain from failing to conduct a constitutional investigation and not maliciously prosecute Mr. Winn.

46. The Defendants actions caused Mr. Winn to suffer physical harm, including physical ailments and unauthorized physical contact resulting from circumstances and duration of his wrongful incarceration, and to fear for his physical safety throughout the period of his incarceration.

47. The Defendants' actions caused Mr. Winn to experience severe emotional distress, including but not limited to humiliation, embarrassment, degradation, loss of trust, permanent loss of natural psychological development, ongoing depression, and the continued effects of post-traumatic stress disorder.

### Count V – Negligent Infliction of Emotional Distress

48. Each Paragraph of this Complaint is incorporated as if restated fully herein.

49. Defendants directly and proximately, with negligence or gross negligence,

8

caused Mr. Winn to be falsely arrested and maliciously prosecuted and wrongfully incarcerated in breach of duties owed to Mr. Winn to refrain from failing to conduct a constitutional investigation and not maliciously prosecute Mr. Winn.

50. The Defendants actions caused Mr. Winn to suffer physical harm, including physical ailments and unauthorized physical contact resulting from circumstances and duration of his wrongful incarceration, and to fear for his physical safety throughout the period of his incarceration.

51. The Defendants' actions caused Mr. Winn to experience severe emotional distress, including but not limited to humiliation, embarrassment, degradation, loss of trust, permanent loss of natural psychological development, ongoing depression, and the continued effects of post-traumatic stress disorder.

WHEREFORE, Plaintiff, RAKEEM WINN, respectfully requests that the Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, CHICAGO POLICE DEPARTMENT LIEUTENANT THOMAS KEANE, AND CHICAGO POLICE DEPARTMENT DETECTIVE JOHN RICHTER, awarding compensatory damages, attorneys' fees, and costs against each Defendant, and punitive damages against each of the individual Defendants, as well as any other relief this Court deems appropriate.

**JURY DEMAND**

Plaintiff, RAKEEM WINN, hereby demands a trial by jury pursuant to Federal

Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,


/s/ Kevin L. Sterk /s/
Attorneys for Plaintiff

Kevin L. Sterk
K.L. Sterk & Associates, Ltd.
642 N. Dearborn Street
Chicago, Illinois 60654
312.882.0763 (Office)
312.335.9009 (Fax)
ksterk@sterklaw.com
ARDC No. 6304083

Mail - John.Richter@chicagopolice.org                                    Page 1 of 2

# Re: JC-125980

### Tiffany Duncan <Tiffany.Duncan@macys.com>

Wed 2/6/2019 7:56 PM

Inbox

To:timothy.jevitz.jr@macys.com <timothy.jevitz.jr@macys.com>; Richter, John B. <John.Richter@chicagopolice.org>;

1 attachments (2 MB)

1-22.PNG;

Attached is a photo of the Subject that was in possession of the gun and fled on 1/22. Please reach out if you need anything further.

Thank you,

**Tiffany Duncan**

**Asset Protection Manager | Macy's, Inc.**

111 N. State Street | Chicago, IL 60602

Office: 312.781.1000 Ext: 5207

Mobile:  317.702.7930

☆ make life shine brighter

---

**From:** Timothy Jevitz Jr
**Sent:** Tuesday, February 5, 2019 3:54:38 PM
**To:** Tiffany Duncan
**Subject:** Fw: JC-125980

Can you complete this.

---

**Timothy Jevitz Jr**

**Asset Protection Manager II | Macy's, Inc.**

**111 N. State Street | Chicago, IL 60628**

Office: 312.781.5206

Mobile: 630.689.8248

☆ make life shine brighter



EXHIBIT

1

**From:** Richter, John B. <John.Richter@chicagopolice.org>
**Sent:** Wednesday, January 30, 2019 8:06 PM
**To:** Timothy Jevitz Jr
**Subject:** JC-125980

⚠ EXT MSG:
Retail theft from 22 Jan 2018 at 111 N. State.

Your guys stopped an offender who had a handgun, the gun was recovered but offender fled on foot.
Can you just send me the best available still photos of offender. I will then make the determination if
video download will be required.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein
and may contain legally privileged and/or confidential information. If you are not the intended
recipient of this e-mail (or the person responsible for delivering this document to the intended
recipient), you are hereby notified that any dissemination, distribution, printing or copying of this
e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error,
please respond to the individual sending the message, and permanently delete the original and any
copy of any e-mail and printout thereof.
* This is an EXTERNAL EMAIL. Stop and think before clicking a link or opening attachments.

Mail - John.Richter@chicagopolice.org

Page 1 of 1



RB

Reminded    Hide email

macys          ○ New | Delete JC-125980 hive | Junk | Sweep | Move to | Categories          1 Undo

Tiffany Duncan <Tiffany.Duncan@macys.com>          JC-125980
Wed 2/6, 9:39 PM

Tiffany Duncan <Tiffany.Duncan@mac
Wed 2/6, 9:39 PM

Awesome! Please let us know if we can be of anymore assistance!

Awesome! Please let us know if we can be
of anymore assistance!

Tiffany Duncan
Asset Protection Manager | Macy's, Inc.
111 N. State Street | Chicago, IL 60602
Office 312.781.1000 Ext: 5207
Mobile: 317.702.7930

Tiffany Duncan
Asset Protection Manager | Macy's, Inc.
111 N. State Street | Chicago, IL 60602
Office 312.781.1000 Ext: 5207
Mobile: 317.702.7930

☆ brighter

Martin F.
report #JC-115284

Thank you so much for your help.

Thank you so much for your offer.

☆ brighter

Richter, John B.

Thank you so much for your help.    Thank you so mu

Report inappropriate text

Tiffany Duncan <Tiffany.Duncan@macys.com>

Magnificent Miles Association e 2/28/2019

Richter, John B.

timothy.jevitz.jr@macys.com, Richter, John B.

Tiffany Duncan <Tiffany.Duncan@mac

John M.

Wed 2/6, 7:56 PM    Reply all

Sergeant John Mc

timothy.jevitz.jr@

John N.

1/24/2019
Download    Save to OneDrive - Chicago Police Dep

Attached is a photo of the Subject that wa
1/22. Please reach out if you need anythin

gun and fled on

administrators

Fri 2/22/2019

CCROC Alert
CCROC Alert

View Full...

Thank you,

Download
Save to OneDrive - Chicago Police Department

Poland, Joseph N.
CCROC Alert
Here are good stills from the case

Tiffany Duncan
Asset Protection Manager | Macy's, Inc.
111 N. State Street | Chicago, IL 60602

Attached is a photo of the Subject that was
in possession of the gun and fled on 1/22.
Please reach out if you need anything
further.

Richter, John B.
Macy's
Joe, Im gonna take over that case

Office: 312.781.1000 Ext: 5207
Mobile: 317.702.7930

☆ brighter

Thank you,

Richter, John B.
(2) thefts that occurred at your store on 111 S
Just I will be assisting Det. MILLER

Richter, John B.

Tiffany Duncan
Asset Protection Manager | Macy's, Inc.
111 N. State Street | Chicago, IL 60602
Office: 312.781.1000 Ext: 5207
Mobile: 317.702.7930

☆ brighter

Miller, Jack A.
JC115718 Large Retail Theft From Macy's
Lt. Poland, Thank you so much for all your help.

CCROC Administrators
CCROC Alert
CCROC Alert          View Ful...

Phil Levin

**D/C/S**

**Unit 116**

Crime
Central Strategies

Chicago Police
Department

Law Enforcement Sensitive (LES) For Official Use Only (FOUO)

This Information Bulletin can be viewed on the Deployment Operations Center Link via the Chicago Police Department Intranet

**07 Feb 2019**   **2019-INF-107**

## SEEKING TO IDENTIFY



Area Central Detectives are seeking to identify the above subject who entered the Macy's at 111 N. State St in the 001st District on 22 Jan 2019 and committed a retail theft recorded under JC-125980. Macy's loss prevention recovered a loaded handgun from the subject who then made good his escape on foot. **There is no probable cause to arrest at this time.**

Any officers information regarding the identify of the offender should please contact Det. RICHTER at john.richter@chicagopolice.org or 312-742-7456.

**I N F O R M A T I O N   B U L L E T I N**

Any further dissemination of this document or disclosure of its contents is prohibited without approval of the Chicago Police Department's Deployment Operations Center. Elements of this document may be subject to 28 CFR Part 23. Illinois driver's license or identification images are only for use as authorized by 625 ILCS 5/6-110.1 and 92 Ill. Admin. Code 1020.140. This information shall not be released to the media or general public.
FAILURE TO ADHERE TO THESE POLICIES MAY RESULT IN CIVIL, CRIMINAL OR DISCIPLINARY ACTION
Crime Prevention Information Center (CPIC) / (Email) cpic@chicagopolice.org / (P) 312.745.5669 / (Fax) 0100 / (Fax) 312.745.6927

Law Enforcement Sensitive (LES) For Official Use Only (FOUO)



EXHIBIT

2

Mail - John.Richter@chicagopolice.org

# Fw: Chicago Police Department

Keane, Thomas P.

Thu 2/21/2019 10:03 PM

To:Richter, John B. <John.Richter@chicagopolice.org>;

Cc:Roman, Melvin <Melvin.Roman@chicagopolice.org>; Poland, Joseph N. <Joseph.Poland@chicagopolice.org>; Mccarthy, John M. <John.Mccarthy@chicagopolice.org>; Schaffer, Ryan M. <Ryan.Schaffer@chicagopolice.org>;

1 attachments (210 KB)

3800_001.pdf;

Hi there-
In knowing that Detective Richter sometimes needs a helping hand, we were able to put this together for him and identify his offender- again! I know it is not EVT related, but we thought that this looks like a bad guy and we would give it a go. Please let us know if it pans out and we can go and grab him! You are welcome John

**From:** CanoniRc5560iDC@chicagopolice.org <CanoniRc5560iDC@chicagopolice.org>
**Sent:** Thursday, February 21, 2019 9:36 PM
**To:** Keane, Thomas P.
**Subject:** Chicago Police Department

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

EXHIBIT
3

2/22/2019



# PHOTO/LIVE LINEUP ADVISORY FORM
## CHICAGO POLICE DEPARTMENT

I, _RACEEN TAYLOR_ , agree to view a photo/live lineup at
(Print Name)

_111 N. State Street   Chicago, IL. 60612_ on _28 FEB 19_
(Location)                                                    (Date)

### INSTRUCTIONS TO WITNESS PURSUANT TO 725 ILCS 5/107A-2(e)(1)

I understand that I am not required to be recorded and may refuse to do so:

* If recording the lineup is practical, an audio and video recording of myself and the persons in the lineup will be made for the purpose of accurately documenting all statements made by myself.

* The perpetrator may or may not be presented in the lineup.

* If an independent administrator is conducting the lineup, they do not know the perpetrator's identity; if an independent administrator is not being used, I should not assume the lineup administrator knows which person in the lineup is the perpetrator.

* I should not feel compelled to make an identification.

* It is as important to exclude innocent persons as it is to identify a perpetrator.

* The investigation will continue whether or not an identification is made.

The photo/live lineup administrator has explained the above instructions, I have also read them and/or they have been read to me and I understand them.

X _____    _2/28/19_    _6:59pm_
Signature of witness                 Date              Time

### AUDIO/VIDEO RECORDING

No police officer has suggested in any way that I should consent or refuse to have this lineup videotaped or audio recorded. The decision to have this lineup videotaped or audio recorded is my personal preference.

*Circle the word(s) "consent" or "do not consent" in the following questions:*

I ~~consent~~/do not consent to being videotaped.    Signature of Witness X _____

I ~~consent~~/do not consent to being audio recorded.    Signature of Witness X _____

### PHOTO/LIVE LINEUP RESULTS

The witness identified the following person(s) _#3_

The witness made the following statements during the photo/live lineup as to the perpetrator's identity:

_"This guy. A shoplifter who we recovered a weapon from."_

### SIGNATURES

X _____    _2/28/19_    _7:00pm_
Signature of person viewing photo/live lineup    Date        Time

_____    _2/28/19_
Signature of photo/live lineup administrator

CPD-11.900 (Rev. 2/15)

EXHIBIT 4



RT
2/28/19
6:59 p.m.

| Attribute | Value | Attribute | Value | Attribute | Value |
|---|---|---|---|---|---|
| CB No.: | 19348276 | CB No.: | 18083939 | CB No.: | 19530329 |
| Arrest Date: | 27-Jul-2016 | Arrest Date: | 25-Feb-2011 | Arrest Date: | 31-Aug-2017 |
| Last Name: | HENIGAN | Last Name: | CLARK | Last Name: | WINN |
| First Name: | DENZEL | First Name: | KALVIN | First Name: | RAKEEM |
| Middle Name: | C | Middle Name: | L | Middle Name: | M |
| Hair Color: | BLK | Hair Color: | BLK | Hair Color: | BLK |
| Eye Color: | BRO | Eye Color: | BRO | Eye Color: | BRO |
| Race: | BLK | Race: | BLK | Race: | BLK |
| Weight: | 270 | Weight: | 275 | Weight: | 280 |
| Height: | 506 | Height: | 508 | Height: | 507 |
| Sex: | M | Sex: | M | Sex: | M |
| Attribute | Value | Attribute | Value | Attribute | Value |
| CB No.: | 17659010 | CB No.: | 19237139 | CB No.: | 19604526 |
| Arrest Date: | 28-Aug-2009 | Arrest Date: | 15-Dec-2015 | Arrest Date: | 20-Feb-2018 |
| Last Name: | CUNNINGHAM | Last Name: | PRINGLE | Last Name: | BURTON |
| First Name: | JOSEPH | First Name: | JAMIER | First Name: | TYWON |
| Middle Name: | | Middle Name: | | Middle Name: | |
| Hair Color: | BLK | Hair Color: | BLK | Hair Color: | BLK |
| Eye Color: | BRO | Eye Color: | BRO | Eye Color: | BRO |
| Race: | BLK | Race: | BLK | Race: | BLK |
| Weight: | 270 | Weight: | 270 | Weight: | 260 |
| Height: | 508 | Height: | 507 | Height: | 508 |
| Sex: | M | Sex: | M | Sex: | M |



EXHIBIT

5



EXHIBIT
6